UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                                      }
GERALD L. WILKS, SR. and                    }
DONNA K. WILKS,                             }        Case No.09-40543-JJR-13
            Debtors.                        }

OPINION AND ORDER ON OBJECTION TO CLAIM

This matter came before the Court on the Debtors' Objection (Doc. #40) to the claim (Claim #4 and herein, the "Claim") of Vanderbilt Mortgage and Finance, Inc.("Vanderbilt"). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order. In compliance with Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, the following shall constitute the Court's findings of fact and conclusions of law.[1]

For the reasons stated below, the Court finds that the Objection should be denied in part, and sustained in part.

FINDINGS OF FACTS:

Vanderbilt's Claim is evidenced by a proof of claim ("PoC") in the amount of $6,101.99, which was filed as fully secured by Deed of Trust dated July 23, 2002. Copies of the Deed of Trust and the Installment Contract it secured were attached to the PoC. The Deed of Trust encumbered the Debtors' real property located in St. Clair County, Alabama. The recording stamp from the St.

---

[1] All "Rule" references are to the Federal Rules of Bankruptcy Procedure. "FRCP" references are to the Federal Rules of Civil Procedure.

Clair County Judge of Probate attached to the Deed of Trust indicated it was recorded on July 26, 2002. The Debtors did not raised any issue regarding the perfection of the lien claimed by Vanderbilt pursuant to the Deed of Trust. The only issue is the amount of the debt, if any, that remains owing under the Installment Contract secured by the Deed of Trust. According to Mrs. Wilks, who testified at the hearing, the debt was fully paid from the $65,000 insurance proceeds paid to Vanderbilt when the Debtors' mobile home located on the encumbered property was totally destroyed by fire in November 2006. Vanderbilt asserts that the insurance did not pay the debt in full, and there remains an unpaid balance of $6,101.99.

The PoC does not provide a breakdown of the remaining debt claimed by Vanderbilt; however, an Affidavit (Doc. #87) filed by Vanderbilt to support its earlier motion to vacate an order disallowing its claim, does provide a detail of the amounts that are included in the PoC.[2] According to the Affidavit, the Claim consists of the following:

| | |
|---:|---|
| $2,638.22 | principal |
| 5.00 | late charge |
| 2,755.37 | escrow |
| 558.40 | interest |
| 45.00 | service charge |
| 100.00 | other |
| $6,101.99 | Total |

The Debtors offered into evidence a Payment History (Wilks Exhibit 1) of their loan with Vanderbilt. The Payment History was prepared by Vanderbilt and showed a zero principal balance. However, according to Vanderbilt, the zero balance was the result of an internal "charge-off" of the loan, and that after application of the insurance proceeds there remained owing the sums stated in the Affidavit.

---

[2]Vanderbilt's motion (Doc.# 81) to set aside an earlier order (Doc.# 78) sustaining the Debtors' objection to the Claim was granted (see Doc. # 88) and the objection was reset for hearing.

The April 20, 2007 entries in the Loan History do in fact reflect the receipt and application of $65,000, the admitted amount of the insurance proceeds. After such application and before the charge-off, the History reflects a remaining principal balance of $2,638.22, the same principal sum claimed in Vanderbilt's Affidavit. Subsequent to the application of the insurance proceeds the History reflects an escrow entry of $2,755.37 (escrow advance), which also conforms with the information in the Affidavit.

On the Payment History, the charge-off of the remaining principal was labeled as an "Adjustment Entry" while regular payments received from the Debtors were labeled as "PMT-Customer Pmt" and the insurance proceeds applied to the principal were labeled "SPY-ShortPO XtraPrincipal." Thus the Court concludes that the zero balance shown on the Payment History does in fact reflect an internal charge-off and not payment in full of the Claim.

Mrs. Wilks testified that she believed the insurance proceeds had paid her debt to Vanderbilt in full; however, she stated she had no records because they had all been destroyed in the fire.

On April 25, 2006 Vanderbilt filed a proof of claim in an earlier chapter 13 case commenced by the Debtors. The amount owing according to this claim was $71,862.77.[3] Neither party attempted to show how much this prior claim was reduced in the earlier case, if at all.

CONCLUSIONS OF LAW:

Rule 3002(f) states that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Rule 3002(a) requires that a proof of claim conform substantially to the Official Form (i.e. Official Form 10), and if the claim or security therefor is evidenced by a writing, Rule 3002(b) requires that duplicates be filed with the claim.

---

[3] Claim # 1 filed in case 06-40542-JJR-13.

Vanderbilt's PoC was made on the Official Form and as stated above, copies of the Installment Contract and Deed of Trust were filed with the PoC. Nonetheless there was one defect in the PoC. Part 4 of the PoC requires that if the claim includes interest or other charges in addition to the principal amount, the claimant is required to attach an itemized statement of the same. No such itemization was attached to the PoC. However, Vanderbilt's Affidavit provided such an itemization, and cured this defect.

The Court concludes there was no credible evidence rebutting the prima facie evidentiary effect of the PoC and Affidavit. Although the final entries on the Payment History showed a zero balance, the Court agrees with Vanderbilt that these entries reflected an accounting entry for an internal charge-off, which did not constitute a forgiveness of the remaining debt.

Notwithstanding the foregoing, after reviewing the Payment History, the Court could not reconcile Vanderbilt's claims for a late charge, service charge and "other" in the respective amounts of $5.00, $45.00 and $100.00. Thus these three sums will be disallowed, and Vanderbilt's Claim should be allowed in the amount of $5,951.99, which includes $2,638.22 principal, $2,755.37 escrow advance and $558.40 interest. Interest will continue to accrue on the principal at the rate provided in the Installment Contract.

ORDER:

THEREFORE IT IS ORDERED, ADJUDGED and DECREED that the Debtors' Objection to Vanderbilt's Claim is SUSTAINED to the extent such Claim includes amounts for a $5.00 late charge, $45.00 service charge and $100.00 "other," and is OVERRULED with regard to the balance of such Claim, to-wit: $2,638.22 principal, $2,755.37 escrow advance and $558.40 interest; thus the Claim is allowed as fully secured in the total amount of $5,951.99, plus post petition interest on the principal at the non-default contract rate.

The foregoing shall constitute a final judgment entered pursuant to Rule 9021.

Dated: September 4, 2009

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge